**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,             Case No. 3:10CR0070

    Plaintiff

v.             **ORDER**

Demetrius Lamont Tucker,

    Defendant

This is a criminal case in which defendant Demetrius Lamont Tucker seeks a reduced sentence based on Amendment 750 to the United States Sentencing Guidelines, with respect to convictions for offenses involving crack cocaine.

Pending is defendant's motion for sentence reduction. [Doc. 24]. For the following reasons, I grant the motion.

**Background**

On November 11, 2010, defendant plead guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant's offenses were grouped together pursuant to § 3D1.2(c): "When one of the counts embodies conduct that is treated as a specific offense characteristic in . . . the guideline applicable

to another of the counts." The guidelines applicable to Count 1 were used because Count 2, for felon in possession of a firearm, counted as a Specific Offense Characteristic for Count 1. U.S.S.G. § 2D1.1.

Defendant's base offense level began at 24 due to the amount (eight grams) of cocaine base; two levels were added for possession of a firearm, pursuant to § 2D1.1(b)(1). The defendant's criminal history was VI. Taking into account a three-level reduction for acceptance of responsibility, the resulting Guidelines range was 92-115 months. I imposed a sentence of 105 months for each count, to be served concurrently.

In 2010, Congress passed the Fair Sentencing Act, which amended the Sentencing Guidelines pertaining to crack cocaine and lowered the base offense levels for possession of crack cocaine to reduce disparity between sentences for offenses involving crack and powder cocaine. Amendments 750 and 759, which authorized retroactive application of the newly lowered offense levels delineated in Amendment 750, went into effect on November 1, 2011.

On April 16, 2012, defendant filed the current motion, requesting a reduction in his sentence pursuant to Amendment 750.

**Discussion**

This court may not change or modify a sentence unless a statute expressly grants the authority to do so. *U.S. v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010) (citing *U.S. v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)).

> One such authorized exception arises "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," in which case a court "may" reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* (quoting 18 U.S.C. § 3582(c)(2)).

The Supreme Court recently explained the "two-step inquiry" a court must undertake in determining whether and how to apply a retroactive amendment to the sentencing guidelines: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. U.S.*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010). The Court elaborated on the first step, noting that when the sentencing court determines the applicable amended guideline range, "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).

### A. Count 1 - Possession with Intent to Distribute Crack Cocaine

Defendant contends that his sentence for the cocaine conviction qualifies for reduction based on Amendment 750; the government responds that the interest of public safety warns against modifying defendant's sentence with respect to the cocaine conviction.

The first step is to determine whether defendant is eligible for a reduction in his sentence. Had the amendments to the guidelines been in place at the time of his sentencing, defendant would have had a total offense level of 17 instead of 23.[1] With a criminal history of category VI, the new

---

[1] While the government does not raise this concern, it should be noted that I agreed with the government's contention, during the sentencing hearing, that defendant is a career offender based on his criminal history. The Sixth Circuit has held that defendants who are sentenced under career offender guidelines cannot have their crack cocaine sentences later amended based on the retroactive changes to the sentencing guidelines. *U.S. v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009). I did not, however, sentence defendant based on the career offender guidelines. Because I decided to "vary from the career offender guideline range to some other range, it is fair to say that the sentence imposed is 'based on' the adopted range and not the career offender range." *U.S. v. Jackson*, — F.3d. —, —, 2012 WL 1592624, *2 (6th Cir. 2012).

sentencing guideline range is 51 to 63 months. Defendant is still subject to the mandatory minimum of 60 months under U.S.S.G. § 5G1.2; this makes the range 60-63 months. The government does not dispute defendant is eligible for a reduced sentence or that this now is the applicable sentencing range.

Nevertheless, simply because defendant is eligible for a reduction does not mean the reduction is warranted. "[A] district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *U.S. v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). The government points out that in addition to considering the sentencing factors in 18 U.S.C. § 3553(a), this court should also "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 Appl. Note 1(B)(ii). The government points out that police found, in addition to crack cocaine and other drugs, a firearm and ammunition at defendant's residence.

While this is true, I noted at the sentencing hearing that the defendant was not violent at the time of his arrest, and was outside of the home and away from the firearm at that time as well. I substantially varied my sentence due to defendant's persuasive arguments under § 3553(a) regarding his background and other factors.[2] Given my own considerations at the time of the sentencing, I am not persuaded by the government's cursory argument about public safety. In any event, it has not presented any evidence of post-sentencing behavior which I should now consider. I therefore hold

---

[2] At sentencing defendant's attorney raised the applicability of the amended Guidelines. At that time they were not retroactive.

that a sentence amendment is warranted. I amend defendant's sentence for Count 1, possession with intent to distribute crack cocaine, from 105 months to 60 months.

## B. Count 2 - Felon in Possession of a Firearm

Defendant also contends his sentence for conviction as a felon in possession of a firearm is eligible for reduction, as without reducing this concurrent sentence, the amendment to his crack offense sentence is a "legal fiction." The government responds that this is outside this court's power, as the amendments only impacted sentences for crack cocaine offenses, not any other.

Defendant principally relies on two cases in arguing that a reduction in his firearm sentence is also warranted: *U.S. v. Young*, No. 06-270 (N.D. Ohio 2012), and *U.S. v. Mont*, No. 05-229 (N.D. Ohio 2012). Both cases involved a defendant who had a firearms conviction in addition to the crack offenses, and in both cases, the judges altered the defendant's sentence for the additional offense down to the level authorized by the crack offense amendments.

The government attempts to distinguish both of these cases from the present case. First, the government incorrectly asserts that *Young* was decided prior to the Supreme Court's statements in *Dillon*, *supra*, — U.S. at —, 130 S. Ct. at 2691. To the contrary, *Young* was decided just a few months ago, while the Court decided *Dillon* nearly two years ago. The government is correctly points out that the Supreme Court has stated that sentencing amendments such as the one at issue here place "considerable limits on district court discretion." *Freeman v. U.S.*, — U.S. —, —, 131 S.Ct. 2685, 2693-94 (2011). "All Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Id.* (citing U.S.S.G. § 1B1.10(b)(1)).

5

The government fails, however, to recognize that I based defendant's sentences for both offenses on the guidelines applicable to the crack cocaine offense alone. In this way, this case is very similar to *Mont*. The government attempts to distinguish *Mont* by stating that in that case, the government did not initially oppose the defendant's motion to alter both sentences; Judge Gaughan, noting that the government had failed to previously object, denied the government's motion for reconsideration.

More to the point, Judge Gaughan agreed with the defendant that because the court "based his sentence for the gun charge on the crack cocaine guidelines . . . defendant is entitled to relief." This is the circumstance present here: defendant's gun charge sentence was based entirely on the crack cocaine guidelines, which have been amended, as discussed *supra*. *See also U.S. v. Martin*, 2012 WL 1121357, *3 (W.D. Wash.) (amending sentences for crack cocaine and firearms offenses collectively pursuant to Amendment 750 where the court relied on the crack offense guidelines for the purpose of guideline calculation for both offenses).

The government's reliance on *U.S. v. Dunn*, 631 F.3d 1291, 1292 (D.C. Cir. 2011), is misplaced. In *Dunn*, the court considered a defendant who had been sentenced to consecutive sentences of 121 months and fifteen years to life, respectively, pursuant to convictions for possession with intent to distribute crack cocaine, and second-degree felony murder. On a motion to reduce defendant's sentence in response to the amendments, the court held that it did not have the authority to make defendant's sentences concurrent instead of consecutive, citing *Dillon*, *supra*, — U.S. at —, 130 S. Ct. at 2691. In *Dunn*, the murder charge – and the sentencing court's decision to make it a consecutive sentence instead of concurrent – had nothing to do with the crack offense

6

sentencing guidelines. Conversely, in this case, defendant's firearm sentence was premised upon the now-amended crack cocaine sentencing guidelines.

The Fair Sentencing Act's purpose was to "restore fairness to Federal cocaine sentencing." Pub. L. 111-220 (2010). Congress, responding to the gross disparity between crack and powder cocaine sentences, acknowledged that the crack guidelines were excessive and unjustified.

To deny defendant's motion to amend his sentence in response to these amendments would be to reject the wisdom that has brought about the recent amendments.

I amend defendant's sentence for Count 2, felon in possession of a firearm, from 105 months to 60 months, to be served concurrently with Count 1.

## Conclusion

It is, therefore,

ORDERED THAT

Defendant's motion for sentence reduction [Doc. 24] be, and same hereby is granted, with the sentence for both Counts 1 and 2 to be reduced from 105 months to 60 months, to be served concurrently.

So ordered.

s/James G. Carr<br>
Sr. United States District Judge